SCRIPTOMATIC, INC., Petitioner,

v.

UNITED STATES DISTRICT COURT, Respondent,

and

SPEEDADDRESS, INC., et al., Respondents and Real Parties in Interest.

No. 75-3415.

United States Court of Appeals, Ninth Circuit.

Aug. 16, 1976.

---

John W. Logan, Jr. (argued), Abington, Pa., for petitioner.

---

Charles E. Steffey (argued), Minneapolis, Minn., for real party in interest (Speedaddress, Inc.).

Before CHAMBERS, HUFSTEDLER and GOODWIN, Circuit Judges.

PER CURIAM:

This case is controlled by *Commercial Lighting Products, Inc. v. United States District Court* (9th Cir. 1976), 537 F.2d 1078.

The contacts with the state to which the district court transferred the action were no more substantial than those in *Commercial Lighting Products, Inc., supra.* Here, only one of the California residents ever visited Minnesota. Aside from letters and telephone calls, the remaining connection is an averment in the complaint, as yet unsubstantiated, that a conspiracy existed to restrain trade in both states.

We vacate the transfer order and direct that the case proceed in the Central District of California.

CHAMBERS, Circuit Judge (concurring):

I concur in the foregoing [opinion].

Herein we are following *Farrell v. Wyatt,* 408 F.2d 662 (2nd Cir.) on where an appellate review may go.

But I believe by rule we should specify across the boards that transfers become effective in "X" number of days after the order of transfer unless a stay for a longer period is obtained. Then if the allotted number of days elapses without a stay, we should defer as comity to the transferee jurisdiction any further adjudication on the propriety of the transfer.